## NEGLIGENCE—COURT'S CHARGE.

3 Dec.
563

[Stark Circuit Court.]

### THE CLEVELAND AXLE MFG. CO. v. ZILCH.

1. WHEN MOTION FOR A NON-SUIT ON GROUND OF CONTRIBUTORY NEGLIGENCE WILL BE GRANTED.

In an action to recover damages for personal injuries, caused by defective machinery, a motion for a non-suit on the ground of contributory negligence will not be sustained, unless the facts are so clear that there can be no question but that the plaintiff was guilty of negligence, contributing to his injuries.

**2. Right of Court to Refuse Special Requests, Already Covered by General Charge.**

It is not error for a trial court to refuse to submit to the jury certain special requests to charge, when such requests are, in substance, a repetition of what has already been charged.

**6. Master's Duty to Servant.**

The master's duty to his servants is reasonable care in providing suitable machinery and appliances, and also reasonable care in keeping such machinery and appliances in repair.

Adams, J.

The case of *The Cleveland Axle Manufacturing Co.* v. *Martin Zilch*, is here on error. It is sought to reverse the judgment of the court below, in which Zilch recovered damages for personal injuries which he claims were inflicted while he was in the employ of the company, on the 13th day of January, 1893.

His claim is, that while he was in the employ of the company at that time, as a common laborer, and doing whatever work about the factory of the company that he was directed to, that he was engaged in helping about a machine or a large pair of shears used for the cutting of steel bars. The injury he claims is that his leg was broken while so engaged, and he claims that the defendant was negligent in various particulars, set up in the petition, among other things that this machine was defective, in that the guard on it was defective, and that it was loose and worn so that there was a lateral or side motion of the upper knife or blade of the shears, so that in the cutting of steel instead of cutting in a perpendicular line, that the upper blade was loose so that it moved to one side and that necessarily threw the other, the further end of the steel bar either to one side, or threw it up, and that the ground where he was required to stand was lower than that inside of the building where the machine was situated, and he claims that there was not the requisite number of men engaged at the time he was hurt; he claims that all these defects of the machinery were known to the defendant, and unknown to him, and that by reason of these defects that the accident occurred and he was injured.

The answer makes certain formal admissions as to the organization of the company, and the fact that the plaintiff was in its employ, and alleges that the plaintiff, Zilch, was a man of sufficient age and experience to know and understand, and did know and understand the said machine, its kind and condition, the character of the ground and premises thereabouts, and that if the plaintiff was injured by the bar of steel it was due to his own carelessness in handling the same, and not through any fault of the defendant.

Now, there is a bill of exceptions here, which purports to set out all the testimony, although it appears from an examination of this bill of exceptions that at some point during the trial of the case, the jury, and perhaps a large number of the witnesses, or some of the witnesses at any rate, were taken to the premises of the defendant, and were shown this same machine as it was in operation at that time.

Now then, there are four assignments for error.

At the close of the plaintiff's testimony, the defendant moved for a non-suit on the ground of contributory negligence. The court overruled that motion and that is assigned for error.

They assign another ground, that the verdict is not sustained by the evidence; and then it is claimed that the court erred in refusing to charge to the jury the eighth and ninth requests asked for by the defendant.

Now, this motion for a non-suit, of course, calls for the application of the well settled rule here in Ohio as to what state of the trial the court is allowed to take the case from the jury; and whether the question is raised by a motion for non-suit, or a motion to direct the jury for the defendant, or by demurrer to the evidence, the law question presented is the same.

The rule as laid down in the case of *Ellis* v. *The Life Insurance and Trust Company*, is the well settled rule in Ohio, and it is said there that "wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a non-suit cannot be properly ordered. It is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a *prima facie* case for the plaintiff, a non-suit cannot be properly ordered.

Now then, that is particularly the case where it is a question of negligence on the part of a defendant, or a question of contributory negligence on the part of the plaintiff; because, generally speaking, questions of negligence and of contributory negligence are mixed questions of law and fact; and they are peculiarly questions to be determined by a jury.

Now then, this motion for non-suit is peculiar in this, that it is asked for simply on the ground of contributory negligence.

Now, there might be a case where the facts might be so clear, where no two minds would differ as to the conclusion to be drawn from the facts, where the court would be justified in taking the case from the jury on the ground that the plaintiff's testimony showed that his own negligence had contributed to his injury, and he couldn't recover in any event. But that would be an exceptional case.

Now, without attempting to make a very extended review of the testimony as set out in this bill of exceptions, we are of the opinion that here were witnesses, and a number of them, who testified as to how this machine worked; they testified as to the lateral motion of the shears; they testified as to the condition that the guard was in; they testified as to the condition that the guard and the machine were in prior to the time that the plaintiff was hurt. We have the plaintiff's own testimony that he had no knowledge of the defective condition of this machine, and we think that from all this testimony, the jury might well say that the plaintiff was not bound, by the exercise of ordinary care and prudence, to have known of the defects, from the mere fact that he was employed in that factory, and occasionally he was called on to assist in holding these bars of steel when they were being cut; and that occasionally he was employed in wheeling away from this machine the billets of steel after they had been cut from the bar; and the circumstances surrounding the case, the facts shown as to how often the plaintiff worked about the machine—that there was nothing in those circumstances to show that the plaintiff must have known the defective condition of that machine. There was nothing about his employment in wheeling away the billets that would direct his attention to the defects in the working of that machine; so that we think that the court below very properly overruled the motion for a non-suit.

Now then, as I have said before, at some point in this trial, the jury and the witnesses were taken to the premises where this accident occurred, and in the testimony of defendant's witnesses it was shown that changes had been made, and repairs made in this machine; that the machine worked differently at the time of the trial from what it had worked at the time of the accident; that there was less of this lateral motion, and the cutting of the bars was more nearly in a straight line; and that there was less jar or movement at the other end of the bar; so that in looking through all this testimony, we think that the evidence warranted the verdict. That is, it warranted the jury in finding that all the material elements necessary for a recovery on the part of the plaintiff, existed in fact.

Now that brings us to the other assignments for error—in the exceptions taken by the defendant below to the refusal of the court to charge—there are but two of those.

The eighth is: "The claim of the plaintiff that he was without fault, and was without contributory negligence, is not equivalent to the claim that he had no knowledge of the defects in the defendant's machine, or the operation thereof,

set forth in the petition. If he either had knowledge of such defects, or by ordinary care and prudence could have known of such defects, then he cannot recover in any event."

Now, assuming that that is a correct proposition of law; it is claimed on the part of the defendant in error that the court charged that in substance. We find among the requests to charge for the defendant, his first and second requests, which were given by the court to the jury; the first one reads as follows: "If the jury find from the evidence that the plaintiff, Martin Zilch, at or shortly prior to the time of receiving his injuries complained of herein, had knowledge of the defects in the defendant's machinery or the operation thereof, relied upon by him herein, then he cannot recover. And this would be so whether the defendant, The Cleveland Axle Manufacturing company, was guilty of negligence on its part, or not."

*Second*—" If the jury find from the evidence that the plaintiff, Martin Zilch, at or shortly prior to the time of receiving his injuries complained of herein, had no knowledge of the defects in the defendant's machinery, or the operation thereof, relied upon by him herein, but by the exercise of ordinary care and prudence on his part could have had knowledge of such defects, then he cannot recover. And this would be so whether the defendant was guilty of negligence on its part, or not."

Now then, take those two items of the charge in connection with the fact that at the request of the defendant below these questions were put to the jury, and answered by them :—

*First Question*—" Did the plaintiff, Martin Zilch, at or shortly prior to the time of receiving his injury, have knowledge of the defects in the defendant's machinery, or the operation thereof, set forth in the petition, and relied on herein ?" *Answer*—" No."

*Second Question*—" If the plaintiff, Martin Zilch, had no knowledge of the defects in the defendant's machinery, at or shortly prior to the time of receiving his injury, could he by the exercise of ordinary care and prudence, have known of the defects in said machinery, or the operation thereof, set out in the petition, and relied on herein?" *Answer*—" No."

Now, we think that in this first and second items of the requests by the defendant, and in the questions that were propounded to the jury, the question of Zilch's knowledge, or the question of his duty to know, were clearly stated to the jury. And they were stated to the jury as strongly in favor of the defendant below, as the defendant had any right to have them stated; and to have given this eighth request in charge to the jury would have simply been a repetition of what had already been given to the jury.

In the ninth request the defendant asks the court to charge the jury that " The defendant was not required to furnish the best or most perfect · machinery, but only such machinery as persons of ordinary care and prudence, in the exercise of the same, would have furnished under like circumstances."

Now, the pleadings and the evidence here show that there really was no claim that this machinery, if it had been in good repair, would have been defective, or an insufficient machine.

But assuming that it made a proper case to have the charge made to the jury as to what was due from the defendant as to the furnishing of machinery, let us look at the law as given to the jury by the court below, in other parts of the charge. They say that the defendant was bound to exercise reasonable care to prevent accidents to his workmen; it was bound to furnish suitable machinery and see that it was properly protected, and kept in good repair.

It was not only bound in the first instance to use reasonable care in the selection of machinery and appliances, but also to exercise reasonable and proper care and watchfulness to see that it was kept in proper condition; because, however perfect it may have been when bought, it is liable from ordinary wear and use to get out of repair. And such care and watchfulness is due to guard against defects that may arise from use, as the nature of the business and the risks inci-

dent to it, demands. The master's duty is reasonable care in providing suitable machinery and appliances and also reasonable care in keeping it in repair. In this case if you should find by a preponderance of the proof, that the defendant failed to exercise reasonable care either in providing suitable machinery, or keeping it in repair, and that by reason of said want of reasonable care upon the defendant, the plaintiff sustained the injury complained of in the petition, or either of them, you should in that event, return a verdict for the defendant, provided he did not contribute by his own lack of care, and so on.

Now, we think that stated fairly to the jury, the duty of the defendant in exercising reasonable care to furnish suitable machinery.

We find that there are no errors in the record, and the judgment of the court below, is affirmed.

*Day, Lynch and Day, Judge Thayer,* for Plaintiff in Error.

*Harter and Kreighbaum,* for Defendant in Error.